## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

TODD GIVENS, and
DEANNA GIVENS,

       Plaintiff(s),

v.

CENTRAL CREDIT SERVICES, INC., a Florida corporation,

       Defendant.

---

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiffs reside here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Todd Givens, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado.

5. Plaintiff Todd Givens is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff, Deanna Givens, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado.

7. Plaintiff Deanna Givens is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant, Central Credit Services, Inc., is a Florida corporation operating from an address at 9550 Regency Square Blvd, Suite 500, Jacksonville, FL, 32225.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is licensed as a collection agency in the State of Colorado.

11. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

12. Sometime before December 2006 Plaintiff Todd Givens incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account owed to Compass Bank (hereinafter the "Account").

13. Due to circumstances beyond Plaintiff Todd Given's control the Account was not paid and it went into default with the creditor.

14. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from Plaintiff Todd Givens.

## DEFENDANT

15. On or about April 2007 the Plaintiffs received phone calls and voicemail messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiffs also called the Defendant in response to the phone calls and voicemail messages. These phone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

16. During the phone calls on or about April 2007 representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to sue the Plaintiffs and file a lawsuit against the Plaintiffs if they did not pay the Account. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(7), e(10) and 1692f preface.

17. During the phone calls on or about April 2007 representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened to repossess the Plaintiffs' assets if the Plaintiffs did not pay the Account. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and 1692f preface.

18. During the phone calls on or about April 2007 representatives, employees and / or agents of the Defendant repeatedly falsely threatened Plaintiff Todd Givens that they would add $5,000.00 onto the balance if he did not pay the Account.

These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(10), 1692f preface and f(1).

19. During the phone calls on or about April 2007 representatives, employees and / or agents of the Defendant repeatedly yelled at the Plaintiffs while attempting to collect the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(10) and 1692f preface.

20. During a phone call on or about April 20, 2007, a representative, employee and / or agent of the Defendant called Plaintiff Todd Given's mother, Penny Givens, and left a message for Plaintiff Todd Givens or Penny Givens to call back. This phone call and message constituted a "communication" as defined by FDCPA § 1692a(2).

21. In response to the above message on or about April 20, 2007, Plaintiff Todd Given's mother called the Defendant and was connected to a representative, employee and / or agent of the Defendant who stated that he was calling on Plaintiff Todd Given's past due account with Compass Bank in the amount of $6,120.53. The collector stated that he had talked to Plaintiff Todd Givens who didn't realize how serious it was and that if Plaintiff Todd Givens is going to buy a house or anything in the future that the Account would hurt his credit. The collector stated that he could settle the Account for $4,045.00 and asked the Plaintiff's mother if anyone else could help Plaintiff Todd Givens with the Account. The collector stated that the Account needed to be paid. This phone call constituted a "communication" as defined by FDCPA § 1692a(2). These

        statements and actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2), 1692e preface, e(5), e(8), e(10) and 1692f preface.

22. On or about April 23, 2007, representatives, employees and / or agents of the Defendant called Penny Givens's residence three times and left one message for the Plaintiff to call Michael Reeves back at 1-877-454-6905. This phone number is one of the Defendant's phone numbers. This phone call and message constituted a "communication" as defined by FDCPA § 1692a(2). These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, 1692e preface, e(10) and 1692f preface.

23. The Defendant has not filed any legal action(s) against the Plaintiffs.

24. The Defendant has not repossessed any of the Plaintiffs' assets.

25. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiffs.

26. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(b).

27. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

28. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(8) and e(10).

29. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

30. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiffs into paying Plaintiff Todd Given's alleged debt.

31. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

32. As a consequence of the Defendant's collection activities and communications, the Plaintiffs have suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## **RESPONDEAT SUPERIOR**

33. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

34. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

35. As a direct and proximate result of the aforesaid actions, the Plaintiffs have suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

36. The previous paragraphs are incorporated into this Count as if set forth in full.

37. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(b), § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(8), e(10), § 1692f preface and f(1).

38. The Defendant's violations are multiple, willful and intentional.

39. Pursuant to FDCPA section 1692k the Plaintiffs are entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiffs are entitled to and hereby demand a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiffs pray that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

                                  Respectfully submitted,

                                  _s/ David M. Larson_____
                                  David M. Larson, Esq.
                                  Attorney for the Plaintiffs
                                  405 S. Cascade Avenue, Suite 305
                                  Colorado Springs, CO 80903
                                  (719) 473-0006

<u>Address of the Plaintiffs:</u>
3860 Patrick Drive # 33
Colorado Springs, CO 80916